IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE HENCINSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-2368-D |
| VS. | § | |
| | § | |
| AUSTIN COMMERCIAL, L.P., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Austin Commercial, L.P. ("Austin") moves to dismiss, to compel arbitration, and for attorney's fees and costs. Plaintiff George Hencinski ("Hencinski") moves to stay this lawsuit pending resolution through alternative dispute resolution proceedings. The court grants Austin's motions to compel arbitration and to dismiss and denies its motion for attorney's fees and costs. The court denies Hencinski's motion to stay.[*] This action is dismissed with prejudice by judgment filed today.

In this removed action, Hencinski sues Austin seeking relief under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and Texas Commission on Human Rights Act, Tex. Labor Code Ann. §§ 21.001-21.556 (Vernon 1996 & Supp. 2005). Austin maintains that the parties contractually agreed to resolve these claims by binding arbitration. It contends that Hencinski should be required to dismiss this action and pay Austin's attorney's fees and costs

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

incurred in preparing and filing its motion to dismiss and compel arbitration because he refused to submit to binding arbitration and dismiss the suit. Hencinski does not oppose participating in binding arbitration, but he does contest the assertions that he must dismiss his suit and pay Austin attorney's fees and costs.

Because the parties do not dispute that this case is subject to binding arbitration, Austin's motion to compel arbitration is granted, and Hencinski is ordered to submit his claims to binding arbitration. The court grants Austin's motion to dismiss because under the terms of Hencinski's employment applications it is clear that Hencinski and Austin agreed that the Open Door Policy "requires as its last step the binding arbitration of employment disputes regarding legally protected rights," D. App. 7, 9. Because the parties agreed to binding arbitration, this case should never have been filed in the first place, and it must now be dismissed with prejudice. *See, e.g., Reynolds v. Halliburton Co.*, 217 F.Supp.2d 756, 759 (E.D. Tex. 2002) (dismissing Title VII claim with prejudice).

The court denies Austin's motion for attorney's fees and costs insofar as based on Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997). Austin has not brought a counterclaim for breach of contract, and it has not demonstrated that it can recover such fees absent prevailing on such a claim and by motion alone. Section 38.001(8) provides that "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of *a valid claim* and costs, if *the claim* is for: . . . an oral or written contract." (emphasis added). Austin has not cited, and the court has not located through its own research, any decision that approves an attorney's fees award under § 38.001(8) based on a motion that is unaccompanied by a proved claim for breach of contract. Texas law suggests that such a proved claim is necessary. *See, e.g.,*

*Mendleski v. Silvertooth*, 798 S.W.2d 30, 32 (Tex. App. 1990, no pet.) ("Another requirement for entitlement to attorney's fees under § 38.001(8) is success on the contract claim.") (citing *Davis Masonry, Inc. v. B-F-W Constr. Co.*, 639 S.W.2d 448, 448 (Tex.1982)).  Moreover, absent a basis to grant summary judgment, Hencinski would be entitled to a trial on a breach of contract counterclaim.

The court also denies Austin's alternative request for attorney's fees and costs under 28 U.S.C. § 1927.  Section 1927 provides that "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Punishment of counsel under § 1927 is to be sparingly applied.  *See FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994).  The threshold for awarding costs under the statute is higher than that set by Fed. R. Civ. P. 11, and there must be a showing of improper motive on the part of an attorney, independent of a showing that the claims pursued were baseless.  *Id.* at 1300.  Section 1927 is designed only for those cases where there is clear evidence that an attorney has conducted himself or herself in a way that both unreasonably and vexatiously multiplies proceedings.  *Id.* at 1297.  This court has previously adopted in the trial court context the Fifth Circuit appellate standard that examines the recklessness, bad faith, or improper motive that prompts an attorney to multiply proceedings unreasonably and vexatiously.  *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1120 (N.D. Tex. 1990) (Fitzwater, J.) (Title VII case).  The court holds that the conduct of Hencinski's counsel in this case does not rise to the level necessary to warrant the imposition of § 1927 sanctions.

\*   \*   \*

Austin's November 30, 2005 motion to dismiss is granted, its motion to compel arbitration is granted, and its motion for attorney's fees and costs is denied. Hencinski's December 15, 2005 motion to stay lawsuit pending resolution through alternative dispute proceedings is denied. This case is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

February 13, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE